11-251-ag
Lin v. Holder

BIA
Elstein, IJ
A094 923 470

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges.*

_____

Guang Lin, AKA Guang Ren Lin,
> *Petitioner,*

v.                                        11-251-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Brooke M. Maurer, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Guang Lin, a native and citizen of China, seeks review of a December 27, 2010, decision of the BIA affirming the February 25, 2009, decision of Immigration Judge ("IJ"), Annette S. Elstein, which denied his application for asylum and withholding of removal. *In re Guang Lin a.k.a. Guang Ren Lin*, No. A094 923 470 (B.I.A. Dec. 27, 2010), *aff'g* No. A094 923 470 (Immig. Ct. N.Y. City Feb. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

For asylum applications, such as this one, governed by the amendments made to the Immigration and Nationality Act

2

by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the IJ reasonably based her adverse credibility determination on inconsistencies between Lin's hearing testimony, his asylum application, and his wife's affidavit, and on lack of detail in his hearing testimony.

At the hearing, Lin testified that he had physically struggled with Chinese government officials when they came to take his wife to be forcibly sterilized, and that officials made yearly visits to his home to order his family to pay the outstanding balance on a fine that the family had incurred for violating China's family planning policy.

As the IJ correctly noted, however, Lin never made either of those assertions in his asylum application, and they are likewise not mentioned in his wife's affidavit. Lin additionally testified that the smugglers who had helped him enter the United States would pose a danger to his life and the lives of his family members if he were returned to China while still in debt to the smugglers, but, as the IJ correctly noted, he mentioned no specific threat. Furthermore, although Lin testified that his salary would not be enough to enable him to pay his family planning fine and smuggling debt if he were returned to China, the IJ correctly noted that, in 2002, he made a substantial payment towards his family planning fine that opens to serious question his alleged inability to pay.

These inconsistencies and lack of detail, on which the IJ relied, were proper grounds for his adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk